UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL MASSARO,<br><br>      Plaintiff,<br><br> v.<br><br>FAIR COLLECTIONS & OUTSOURCING OF NEW ENGLAND, INC.,<br><br>      Defendant. | Case No.:  16cv743 BTM(JLB)<br><br>**ORDER REMANDING CASE FOR LACK OF SUBJECT MATTER JURISDICITON** |

  On March 30, 2016, Defendant Fair Collections & Outsourcing Inc. removed this action from the Superior Court of California, San Diego County.  Defendant contends that the Court has federal-question jurisdiction because the action "arises under the Fair Debt Collection Practices Act (15 U.S.C. § 1692, et seq.) and the Fair Credit Reporting Act (15 U.S.C. § 1681, et seq.)."  However, upon examination of the Complaint, the Court does not agree that it has federal-question jurisdiction over this action.

  Under the "well-pleaded complaint rule," federal-question jurisdiction extends over "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Franchise Tax Bd. of California v. Construction Laborers Vacation Trust, 463 U.S. 1, 27-28 (1983).  This rule makes a plaintiff the "master of his complaint" and allows him to "avoid federal jurisdiction by relying exclusively on state law."  Balcorta v. Twentieth Century-Fox Film Corp., 208 F.3d 1102, 1106 (9th Cir. 2000).

  Here, Plaintiff claims that Defendant owes him $10,000 in damages because

Defendant has adversely affected his credit: "[Defendant] claims I owe $13,035 due to lease term I was released from due to lack of ownership improvements. This has adversely affected my credit standing and as a result have had to pay more in interest rates and rent." Plaintiff does not refer to the FDCPA or FCRA. Nothing in the Complaint indicates that Plaintiff is complaining about abusive, deceptive, or unfair debt collection practices.

As for Plaintiff's claim that Defendant hurt his credit, Plaintiff may bring such a claim exclusively under state law. Cal. Civ. Code section 1785.25(a) provides: "A persons shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate." The private right of action to enforce section 1785.25(a) *is not* preempted by the FCRA. Gorman v. Wolpoff & Abramson, LLP, 584 F.3d 1147, 1173 (9th Cir. 2009).[1]

It does not appear that Plaintiff's claim arises under the FDCPA or FCRA or necessarily depends on the resolution of a substantial question of federal law. Therefore, the Court finds that it lacks subject matter over this action and **REMANDS** the case to the Superior Court of California, San Diego County.

**IT IS SO ORDERED.**

Dated: April 5, 2016

_____
Barry Ted Moskowitz, Chief Judge
United States District Court

---

[1] The FCRA requires furnishers of information to consumer reporting agencies to provide notice that information is disputed by the consumer if the consumer challenges the completeness or accuracy of any such information. 15 U.S.C. § 1681s-2(a)(3). The FCRA also imposes duties on furnishers of information who receive a notice of dispute *from a credit reporting agency* to conduct an investigation and take appropriate action based upon the results of the investigation. 15 U.S.C. § 1681s-2(b)(1). The Complaint does not allege facts suggesting a violation of these duties under the FCRA.